# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br>vs.<br>JOSE LUIS SOTO-GAMBOA,<br>                Defendant. | CASE NO. 12cr2113-LAB/12cv2311-LAB<br><br>**ORDER DENYING 28 U.S.C. § 2255 HABEAS MOTION** |

Jose Luis Soto-Gamboa, pursuant to a plea agreement, pleaded guilty to one count of being a removed alien found in the United States. Under the terms of the plea agreement he waived appeal or collateral attack, and received the benefit of a Fast Track recommendation. (Docket no. 14 (Plea Agreement).) On September 20, 2012, the Court entered judgment, sentencing Soto-Gamboa to 57 months' imprisonment, followed by three years' supervised release. The very next day, he filed a motion pursuant to 28 U.S.C. § 2255 seeking a sentence reduction.

/ / /

/ / /

/ / /

/ / /

/ / /

Soto-Gamboa's motion is completely frivolous. First, he waived appeal and collateral attack and received substantial benefits by doing so.[1] Second, he argues that as an alien subject to deportation, he is subject to heavier penalties than U.S. citizens. This argument is nonsensical, because the offense he pleaded guilty to, by definition can only be committed by aliens who have been deported. Third, his motion is boilerplate: it is a nearly-identical copy of an existing motion with only his name and details of his arrest and conviction typed into a blank. The arguments it raises have been repeatedly rejected by this Court and other courts as meritless. *See, e.g., Patterson-Romo v. United States*, 2012 WL 2060872 (S.D.Cal., June 7, 2012) (Gonzalez, J.); *United States v. Beltran-Palafox*, 2012 WL 899262 at *2 and n.14 (D.Kan., Mar. 16, 2012); *Aguilar-Marroquin v. United States*, 2011 WL 1344251 (S.D.Cal., Apr. 8, 2011) (Huff, J.); *Rendon-Inzunza v. United States*, 2010 WL 3076271 (S.D.Cal., Aug. 6, 2010) (Burns, J.).

Photocopies of this boilerplate motion are apparently circulating among inmates, as a kind of legal form. Each inmate types his own name and information into the form and files it. boilerplate portions of the motions are visually identical, even incorporating the same typographical errors. These motions are routinely denied, not because they are boilerplate, but because they are meritless.

At the same time, it is worth pointing out that filing a boilerplate motion one doesn't understand is foolish and wrong. First, it is dishonest to promise not to file a § 2255 motion, and then immediately break that promise without explanation and for no good reason. Second, it could result in terrible legal consequences for the defendants who do this. For example, Soto-Gamboa's plea agreement provides that if he files an appeal or collaterally attacks his sentence (except under very limited circumstances), the government is released from any promise it made in the plea agreement not to prosecute him for other crimes, and

---

[1] Under his plea agreement, Soto-Gamboa waived appeal or collateral attack unless he was sentenced above the guideline range recommended by the government pursuant to the plea agreement. That guideline range was 46 to 57 months. (*See* Docket no. 14 at 7:8–8:28) (sections of plea agreement detailing what government's recommendations were to be); Docket no. 20 (government's sentencing summary chart, making recommendations as agreed, and calculating guideline range of 46 to 57 months).) He was sentenced to 57 months, within the recommended range, and therefore waived appeal.

many use any admissions he made in the plea agreement as evidence when prosecuting him. Also, under 28 U.S.C. § 2244(a) and § 2255(h), once a defendant has filed a § 2255 motion, district courts generally cannot consider a later § 2255 motion the defendant might want to bring. Filing a frivolous motion such as this one could make it difficult or impossible for defendants to file § 2255 motions later, if they should discover a legitimate reason for doing so.

The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 4, 2012

*Larry A. Burns* (signature)

**HONORABLE LARRY ALAN BURNS**
United States District Judge